UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JASON JARREL SPIKES** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-17817** |
| **LEWIS MURRY, MATTHEW CAPLAN** | **SECTION "H" (4)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C) and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and (2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

### I.     Factual and Procedural Background

The plaintiff, Jason Jarrel Spikes, an inmate housed in the Concordia Parish Correctional Facility, filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against the defendants, St. Tammany Parish Assistant District Attorneys Lewis Murry and Matthew Caplan. Spikes claims that Murry violated his rights during his criminal proceedings and trial by malfeasance in office, obstruction of justice, and falsifying evidence. He also claims that Caplan falsified documents in violation of his rights. As a result, Spikes seeks compensation for the violation of his rights during the criminal proceedings and for his pain and suffering and to have his conviction overturned.

### II.    Standard of Review for Frivolousness

Pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A and 42 U.S.C. § 1997e(c), the Court is required to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a

determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle*, 789 F.2d 318 (5th Cir. 1986), *modified on other grounds*, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke*, 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

**III.** **Discussion**

Spikes alleges that the defendants violated his constitutional rights during his state court criminal proceedings in the 22nd Judicial District Court for St. Tammany Parish. While Spikes does not provide in depth details of the state criminal proceedings or alleged wrongdoings, broadly construed, he does indicate that he was convicted and seeks to have that conviction overturned.

### A.     The *Heck* Doctrine

The very basis of Spikes's complaint is a challenge to the constitutionality of his conviction and the criminal prosecution against him. His claim therefore calls into question the validity of his current confinement. Before a plaintiff can proceed under § 1983 on such a claim, he must show that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

In *Heck*, the Supreme Court held that a claim under § 1983 is barred if success in the suit would necessarily imply the invalidity of an outstanding criminal conviction or a plaintiff's present confinement. This limitation on a § 1983 plaintiff avoids collateral attacks for monetary damages related to convictions that are still outstanding. *Id*. at 484-85. Although the Supreme Court's decision in *Heck* concerned a civil action for monetary damages, the United States Court of Appeals for the Fifth Circuit has also applied *Heck* in cases in which the plaintiff also seeks injunctive relief. *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998) (*en banc*) (citing *Edwards v. Balisok*, 520 U.S. 641 (1997)).

Spikes's § 1983 claims against the defendants must be dismissed because they necessarily impugn the validity of his current detention and conviction. *Heck*, 512 U.S. at 479; *Arnold v. Town of Slaughter*, No. 03-30941, 2004 WL 1336637, at *3-4 (5th Cir. June 14, 2004); *Hainze v. Richards*, 207 F.3d 795, 799 (5th Cir. 2000); *Boyd v. Biggers*, 31 F.3d 279, 283 (5th Cir. 1994). As the Fifth Circuit has noted, the dismissal of these claims is with prejudice to their being asserted again until the *Heck* conditions are met. *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

However, it is well settled in the Fifth Circuit that before application of the *Heck* doctrine, the Court must address dismissal of improperly named and immune defendants.  *See Busick v. City of Madison, Miss.*, 90 F. App'x 713, 714 (5th Cir. 2004) (recognizing that, although a stay might be appropriate to determine if *Heck* will bar a claim, the district court should consider if there are other grounds for dismissal); *see also Boyd*, 31 F.3d at 284 (immunity must be considered as a threshold matter prior to applying *Heck*).   In this case, Spikes has named defendants who are otherwise immune from suit and against whom § 1983 liability will not stand.   Thus, the claims against the defendants must be dismissed as a threshold matter even without application of the *Heck* doctrine.

### B.     Prosecutorial Immunity

Spikes has named two Assistant District Attorneys, Murry and Caplan, as defendants alleging that they engaged in violation of his constitutional rights through malfeasance in office, obstruction of justice and/or falsifying evidence.   The defendants, however, are immune from suit arising from their roles as prosecutors in Spikes's state criminal proceedings.

The Supreme Court has recognized that there are some officials whose duties require a full exemption from liability.   Such officials include prosecutors in the performance of their official functions.  *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *Yaselli v. Goff*, 275 U.S. 503 (1927).   In order to determine whether an official is absolutely immune from suit, the proper focus is not the identity of the party claiming the immunity, but rather, his or her "role in the context of the case."  *Mays v. Sudderth*, 97 F.3d 107, 110 (5th Cir. 1996).   In other words, immunity attaches to a particular official's functions, not to the particular office he or she holds.  *Forrester*

*v. White*, 484 U.S. 219, 229 (1988); *see also O'Neal v. Miss. Bd. of Nursery*, 113 F.3d 62 (5th Cir. 1997).

In the context of absolute prosecutorial immunity, immunity from suit extends to those acts "intimately associated with the judicial phase of the criminal process" which includes the presentation of the State's case, evaluating evidence, and interviewing witnesses in preparation for trial. *Burns v. Reed*, 500 U.S. 478, 492 (1991). Also, among the traditional functions of a prosecutor is the duty to decide which charges to bring and whether to pursue a conviction in court. *See Kalina v. Fletcher*, 522 U.S. 118, 125 (1997).

Spikes's claims against Murry and Caplan are intimately associated with the bringing of the charges and the criminal court process. He challenges their prosecution of the charges and their presentation of evidence in the state court. The defendants clearly are entitled to absolute immunity from suit for their roles in bringing and prosecuting the charges against Spikes. The claims against the defendants must be dismissed as frivolous, for failure to state a claim for which relief can be granted, and for seeking relief against an immune defendant pursuant to § 1915(e)(2) and § 1915A(b).

    **C.**    **Request that Conviction be Vacated**

As part of his relief, Spikes has requested that his conviction be overturned. Such a request is within the ambit of a federal court's habeas corpus review. *Muhammad v. Close*, 540 U.S. 749, 750 (2004). This § 1983 civil rights proceeding is not the appropriate means of pursuing that type of habeas corpus relief. *Id.*; *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Hernandez v. Livingston*, 495 F. App'x 414, 417 (5th Cir. 2012); *Hernandez v. Spencer*, 780 F.2d 504, 504 (5th Cir. 1986). Spikes should pursue any such habeas corpus relief in a properly filed state or

federal proceeding if appropriate. This request is frivolous since this relief cannot be granted in this § 1983 proceeding. 28 U.S.C. § 1915, § 1915A.

## IV.     Recommendation

It is therefore **RECOMMENDED** that Spikes's § 1983 claims against the defendants, Assistant District Attorneys Lewis Murry and Matthew Caplan be **DISMISSED WITH PREJUDICE** as frivolous, for failure to state a claim for which relief can be granted and/or for seeking relief against an immune defendants as provided under 28 U.S.C. §1915 and § 1915A.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[1]

New Orleans, Louisiana, this ___7th___ day of May, 2018.

_____
KAREN WELLS ROBY
CHIEF UNITED STATES MAGISTRATE JUDGE

---

[1] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.